**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINE BELL,<br>　　　　　Plaintiff,<br>　v.<br>NVE BANCORP, INC., et al.<br>　　　　　Defendants. | Civil Action No.: 25-618<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant NVE Bancorp, Inc.'s ("NVE") motion to dismiss, compel arbitration, and stay proceedings, and a declaration supporting its motion. ECF No. 5-2; ECF No. 5-1 ("Declaration"). Plaintiff Jasmine Bell ("Plaintiff") filed an opposition (ECF No. 10), and NVE replied (ECF No. 12). The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is denied without prejudice and with leave to file a renewed motion, and the parties are ordered to conduct limited discovery on the issue of arbitrability.

**WHEREAS** Plaintiff brings this matter against NVE, Tablo Pty Ltd d/b/a Tablo Publishing Inc. ("Tablo"), and John Does 1 to 10 for violations of the New Jersey Consumer Fraud Act, the federal Electronic Transfer Act, and various common law claims. Plaintiff claims that Tablo charged Plaintiff's account with an unauthorized transaction, and NVE erroneously permitted the transaction. *See generally* ECF No. 1. NVE now moves to compel arbitration based on an alleged agreement between NVE and Plaintiff. NVE attached to its Declaration the first page of the Deposit Account Agreement ("DAA") and a letter regarding updates to the DAA, which includes an alleged arbitration agreement. *See* ECF No. 5-1; and

**WHEREAS** the Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Id.* (citing 9 U.S.C. §§ 3, 4). Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and thus is governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (internal citation omitted). In conducting this inquiry, the Court applies state law principles of contract formation. *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); and

**WHEREAS** however, in determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Court will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause . . . .'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citation omitted); *see also MZM Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Fund*, Nos. 18-3791 & 19-3102, 2020 WL 5509703, at *14 (3d Cir. Sept. 14, 2020); and

**WHEREAS** conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (citations omitted); *see Noonan v. Comcast Corp.*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) ("[Thus], a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record."). Accordingly, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under [the Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776; and

**WHEREAS** here, Plaintiff's complaint makes no reference to the DAA, any contractual agreement including an arbitration clause, or a particular arbitration provision itself.[1] *See generally* ECF No. 1. Moreover, the DAA is not attached to Plaintiff's complaint as an exhibit. *Id*. Instead, it is cited and entered into the record for the first time in Defendant's motion. *See* ECF Nos. 5-1, 5-2. However, on a motion to compel arbitration the Court may only consider "the face of a complaint and documents relied upon in the complaint." *See Guidotti*, 716 F.3d at 774. Thus, the Court cannot rely on Defendants' submission as the proper vehicle through which to

---

[1] While the Complaint does include a breach of contract claim, the contract at issue is "Mastercard's Zero Liability Protection policy," not the DAA. ECF No. 1 ¶¶ 38, 43.

analyze the validity and enforceability of the arbitration agreement. Therefore, the question of arbitrability cannot be resolved without considering the DAA, which is evidence extraneous to the pleadings, and thus it would be inappropriate to apply the Rule 12(b)(6) in deciding this motion. *See id.*; and

    **WHEREAS** courts routinely deny motions to compel arbitration where the contractual agreement including the arbitration clause is not referenced or otherwise attached to the Plaintiff's complaint. *See, e.g., Torres*, 2018 WL 5669175, at *2 (denying motion to compel arbitration where the agreement, arbitration provision, and class action waiver were not referenced in the complaint and raised for the first time in the defendant's motion); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Hughes v. Kolaras*, No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (same). Furthermore, the Third Circuit advises that motions to compel arbitration should be denied where "the factual record needs to be developed." *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 321 (3d Cir. 2024). Here, Plaintiff contends that the DAA attached to Defendants' Declaration is incomplete—and the attachment does in fact appear to include only the first page of the DAA. *See* ECF No. 10 at 6–7; ECF No. 5-1 at 7. Accordingly, the Court will deny Defendants' motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability. Thereafter, Defendants may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard.

    **Accordingly**, IT IS on this 9th day of September, 2025;

    **ORDERED** that Defendants' motion to compel arbitration (ECF No. 16) is **DENIED**; and it is further

**ORDERED** that the parties shall conduct limited expedited discovery on the issue of arbitrability.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**